UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHMUEL HERZFELD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:24-CV-01272 |
| ) | |
| HAZAMI BARMADA ) | |
| ) | |
| And ) | |
| ) | |
| ATEFEH ROKHVAND ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Defendants Hazami Barmada and Atefeh Rokhvand hereby move this Court, by and through counsel, for entry of an order of sanctions against Plaintiff and his attorneys, pursuant to Fed. R. Civ. P. 11(b), and in support thereof, state as follows:

The legal theories proffered by Plaintiff are objectively unreasonable; there is no tort for protesting in the District of Columbia. Further, this action was brought for the improper purpose of trying to shut down pro-Palestinian protests generally. Ms. Rokhvand, who did not participate in any of the activities of the Complaint or Proposed Amended Complaint, was named only because she was a protest leader. WhatsApp messages among third parties confirm that the Complaint itself was brought to shut down protests, not to vindicate legal rights. Plaintiff and his attorneys should be sanctioned for bringing frivolous claims for the improper purpose of harassing pro-Palestinian protestors.

1

## BACKGROUND

In his Complaint, Plaintiff alleges that he and a small group including his attorneys attended an ongoing antiwar protest with the goal of recording a counter-protest video among the protestors. Compl. ¶ 11-12. At least one member of that group has stated that the goals of the visit were to "look at all possible legal angles to get the [H]amas supporters gone." See Exhibit A, Transcription of WhatsApp Messages from April 2024.  One participant stated that he and Plaintiff "talked…all [legal angles] over with attorneys and the police department and the Israeli security team." Id. Plaintiff's attorneys informed the participant and Plaintiff that "getting something more than fines…would be legally quite challenging" and that "this is a blip legally if [he] understood [Plaintiff's] attorneys. Also case law on assault with sound is very weak and [Plaintiff's attorneys] were not confident about that argument legally." Id.

Apparently privy to Plaintiff's conversations with his counsel, the participant made clear that Plaintiff's appearance at the counterprotest was designed to shut down the protest and seek to be a plaintiff in a lawsuit. He went with his lawyers, not because his lawyers wanted to pray, but because Plaintiff sought their advice on suppressing the protest.  The participant went on to say "I don't know if the law is on our side with this as [Plaintiff] had his attorney pursue things aggressively." Exhibit A.

There can be no doubt that Plaintiff's attorneys did in fact pursue things aggressively. Plaintiff's attorneys filed this lawsuit on May 1, 2024, alleging that, the very day they attended the protest with Plaintiff, he was a victim of assault and battery. Compl. ¶¶ 26-32. Plaintiff's attorneys took the aggressive and unreasonable stance that assault and battery could be completely divorced from any actual physical touching. Id. The Complaint confirms that Plaintiff spoke with Israeli security. Compl. ¶ 17. The Complaint alleges only de minimis damages – ear pain lasting less than

a week allegedly sustained by noise at the same volume of a rock concert or motorcycle engine. Compl. ¶ 24.

Despite apparently warning Plaintiff that the theory was legally insufficient, the crux of the Complaint is its reliance on "assault with sound." See Compl. ¶¶ 26-32. Counsel for Plaintiff included claims against Defendant Rokhvand, alleging that she participated in the "assault with sound." Id. However, Ms. Rokhvand was not even at the protest, which should have been apparent to both Plaintiff and his counsel as they were physically there.[1] Ms. Rokhvand was only included in the Complaint and retained in the Proposed Amended Complaint to shut down parallel antiwar protests she organized. Because Plaintiff and his attorneys filed this legally and factually inadequate Complaint for the improper purpose of silencing protest, they should be sanctioned under Rule 11.

**STANDARD**

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court with facts that lack evidentiary support or for "any improper purpose." Fed. R. Civ. P. 11(b). The purpose of Rule 11 is to deter baseless filings. Marina Mgmt. Servs. v. Vessel My Girls, 202 F.3d 315, 325 (D.C. Cir. 2000).

The test under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim. See US Dominion, Inc. v. MyPillow, Inc., 2022 U.S. Dist. LEXIS 90530, at *41 (D.D.C. May 19, 2022) (quoting Reynolds v. U.S. Capitol Polic Bd., 357 F. Supp. 2d 19, 23 (D.D.C. 2004). Rule 11 requires that an attorney conduct a reasonable inquiry into the factual and legal basis for a claim before filing. That failure

---

[1] Plaintiff and his counsel have since rescinded their allegations that Ms. Rokhvand took part in the alleged "assault by sound" after receiving a Rule 11 motion that has not subsequently been filed. However, they have not removed her from the lawsuit.

3

is sufficient for sanctions. Hilton Hotels Corp. v. Banov, 899 F.2d 40, 44 (D.C. Cir. 1990). Any one of three factors - an improper purpose, an unwarranted legal argument, or factual contentions without evidentiary support - supports a Rule 11 violation.

### ARGUMENT

I. **Plaintiff and His Attorneys Rely on a Legal Theory Without the "Law on Their Side."**

Counsel for Defendants have provided the District case law confirming that "assault by sound" is not a valid theory for assault and battery when there is no physical touching. Counsel for Defendants have made their opinion on the theory clear in their pleadings before this court. Counsel for Plaintiff apparently indicated, based on third party WhatsApp Messages, that they agree there is no cause of action for assault by sound. However, counsel for Plaintiff have not made their lack of support for the theory clear to the Court – instead they rely on the theory for their entire case.

Assault by sound leaves every person as a potential tortfeasor every time they speak loudly. By making a sound, counsel for Plaintiff argues that every speaker is "touching" every listener. This is an absurd legal theory, as Plaintiff and his counsel are well aware.

A participant acquainted with the conversations between Plaintiff and Plaintiff's counsel, stated that Plaintiff's counsel warned Plaintiff that "assault by sound" is a theory without legal support. See Exhibit A. In fact, that theory of intangible contact by things such as radio waves or sound has been rejected under District of Columbia law. Rossman v. Leader, 2013 U.S. Dist. LEXIS 171764 (D.D.C. 2013). Plaintiff here was searching for a lawsuit – *any lawsuit* – that he could file against antiwar protestors, to shut down the protest. Plaintiff himself had previously bragged about blasting his own musical instrument loudly to shut down protests. S. Herzfeld, Why I Blew the Shofar at the Nazi Rally Today, Aug. 12, 2018, Jewish Journal. Plaintiff here filed a

4

lawsuit despite his own prior behavior and even after being told that the law was not "on his side" based on a theory that he knew was invalid. See Exhibit A.

Plaintiff and counsel may desire that the law were different, however, they may not mislead the Court by suing under a theory that they know to be invalid.

## II.     This Lawsuit Is Motivated by Plaintiff's Desire to Shut Down Defendants' Exercise of Free Speech.

The most direct evidence that the lawsuit was designed to shut down exercise of free speech is Plaintiff's own Complaint and Amended Complaint, supplemented by whatsapp messages. Plaintiff has targeted defendants he thinks are two protest leaders, despite one of them not even being at the Embassy at the time of the incident. Plaintiff reformulated his allegations after his counsel was served with a Rule 11 motion confirming Ms. Rokhvand's lack of participation in the incident. Participants strategized with Plaintiff and his attorneys about methods to shut down the protest. See Exhibit A. They strategized together and consulted with police and the Israeli Embassy security team. Id. Plaintiff's desire to shut down the protests may be motivated by sincere belief in his cause and a genuine desire to help Israel, but those factors are not a basis for filing lawsuits. As to the antiwar protests, the conclusion of looking for a lawsuit in the whatsapp messages was that Defendants' alleged activities were no more than a "blip legally," that getting anything "more than fines" would be difficult, and that the law was not "on [Plaintiff and his group's] side." Id.

That a lawsuit resulted can be no surprise. When someone goes looking for a reason to file a lawsuit, they will find or invent a reason, regardless of validity. This process of seeking out a lawsuit is sanctionable, as a waste of this Court's time and resources that could be spent adjudicating disputes that were not stirred up by the Plaintiff himself. Civil suits are designed to address justiciable damages, not meant to be wielded to suppress speech.

### III. The Other Aggressive Arguments Put Forth in This Case Betray Plaintiff's Improper Purpose.

Plaintiff's arguments that Ms. Rokhvand is liable despite not being at the protest and that intentional infliction of emotional distress does not require emotional distress are frivolous on their face. In the added context of a Plaintiff seeking a lawsuit for the improper purpose of shutting down protest, these arguments merit sanctions.

Defendants' full arguments addressing Plaintiff's arguments are contained in the motion to dismiss (Dkt 8), reply to the opposition to motion to dismiss (Dkt 14), and opposition to the motion to amend the complaint (Dkt. 20). Defendants hereby incorporate those arguments into this briefing by reference.

There was no factual or legal basis to implicate Ms. Rokhvand in a civil conspiracy or hate crime. She was not there during Plaintiff's protest. Further, the only thing alleged against Ms. Rokhvand is that she organizes protests. Organizing a protest is not enough to impose a civil conspiracy or a violation of a hate crime against someone who was not present.

The argument for "outrage" or intentional infliction of emotional distress is frivolous without alleging any emotional distress. Counsel for Plaintiff has confirmed in briefing that a single conclusory paragraph, paragraph 36, is the full extent of the allegations of emotional distress. See Oppo. to Mot. to Dismiss, Dkt 11, p. 15. As this Court is aware, no claim for outrage can survive without the element of emotional distress. See Ortberg v. Goldman Sachs Grp., 64 A.3d 158, 163 (D.C. 2013). This claim and the entire Complaint were merely brought to try to shut down protests that the Plaintiff disagreed with, not to vindicate legal rights.

## CONCLUSION

Sanctions are warranted for bringing the Complaint for an improper purpose, and the Court should grant this motion and assess legal fees against both Plaintiff and counsel to be determined based on undersigned's time records.

                                                                   Respectfully submitted,

                                                                   Hazami Barmada and
                                                                   Atefeh Rokhvand
                                                                   By Counsel

/s/  George R. A. Doumar
George R. A. Doumar, DC Bar #415446
Daniel R. Hernandez, Of Counsel
Mahdavi Bacon Halfhill & Young PLLC
1530 Wilson Blvd, Suite 1060
Arlington, VA 22209
Tel: 703-352-1300
gdoumar@doumarmartin.com
dhernandez@doumarmartin.com


/s/  Sam W. Burgan
Sam W. Burgan, DC Bar # 405478
Burgan & Associates, P.C.
Rock Spring Professional Center
5673 Columbia Pike, Suite 201
Falls Church, Virginia 22041-2869
Tel (703) 575 8810
Fax (703) 575 8054
sburgan@BurganLaw.com

Of Counsel:

Asim Humayun, Esquire
Mohammadi & Humayun, LLC
200 A Monroe St Suite 215,
Rockville, MD 20850
301 800-0880
ah@mhlegalteam.com
*Pro Hac Vice to Be Filed*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the attached document was served via electronic mail, on August 12, 2024, upon:

Robert P. Parker, Esquire
Steven Lieberman, Esquire
Rothwell, Figg, Ernst & Manbeck
901 New York Ave., N.W., Suite 900 East
Washington, D.C. 20001
rparker@rfem.com
slieberman@rfem.com

                                                /s/ George R. A. Doumar
                                                George R. A. Doumar, DC Bar #415446
                                                Daniel R. Hernandez, Of Counsel
                                                Mahdavi Bacon Halfhill & Young PLLC
                                                1530 Wilson Blvd, Suite 1060
                                                Arlington, VA 22209
                                                Tel: 703-352-1300
                                                gdoumar@doumarmartin.com
                                                dhernandez@doumarmartin.com